RECEIVED CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2008 JAN 23 A 10: 56

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tito Lemont Knox, | ) C/A No. 9:07-4151-HMH-GCK |
| Plaintiff, | ) |
| vs. | ) |
| Reginald I. Lloyd; Maxwell B. Cauthen, III.; and David W. Plowden, Esq., | ) **Report and Recommendation** |
| Defendants. | ) |

The Plaintiff, Tito Lemont Knox (Plaintiff), proceeding *pro se*, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff is a patient at the Federal Medical Center in Rochester, Minnesota, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff seeks monetary damages, as well as "immediate release." The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*



This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

2

## Background

Plaintiff states that, on June 19, 2007, he was found "not guilty only by reason of insanity" by a federal court. As a result, Plaintiff was hospitalized at the Federal Medical Center in Rochester, Minnesota. Plaintiff brings this *Bivens* action against Reginald I. Lloyd, United States Attorney for the District of South Carolina, Maxwell B. Cauthen, III., Assistant United States Attorney, and David W. Plowden, Federal Public Defender, for alleged due process violations in relation to Plaintiff's criminal case. The Defendants allegedly denied Plaintiff a "post verdict hearing", which Plaintiff states "must be held with-in 40 days to determine whether the defendant should be released immediately into society or hospitalized. See 18 U.S.C. §§ 4243 (c),(d)." Plaintiff seeks monetary damages and immediate release.[2]

## Discussion

Plaintiff is bringing suit against two federal prosecutors and a federal public defender. As such, his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. "*Bivens*" is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14,18 (1980). *See*

---

[2] To the extent Plaintiff request's termination of his commitment/immediate release, he must seek federal habeas corpus relief. A civil rights action is the correct vehicle to challenge the conditions of confinement, but not the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). The docket reflects that Plaintiff currently has a habeas action, pursuant to 28 U.S.C. § 2241, pending with this Court. *See Tito Lemont Knox v. United States of America*, C/A No. 9:07-1792-HMH-GCK.

*also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*.)

In regards to Defendants Lloyd and Cauthen, Plaintiff states "I wrote the U.S. Attorney in a [sic] attempt to compel them to do their official duty", and "Maxwell B. Cauthen was responsible for me being committed but failed to or acted negligence [sic] in assuring the appropriate procedural rights." Thus Plaintiff is apparently suing Defendants Lloyd and Cauthen, in their capacities as prosecuting attorneys, for alleged due process violations surrounding Plaintiff's criminal case, *USA v. Knox*, 6:06-cr-269-HMH. However, in *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Therefore, claims the Plaintiff may be attempting to raise regarding Defendants Lloyd and Cauthen's prosecution of his criminal case are barred from suit under § 1983/*Bivens*, and these Defendants should be dismissed from Plaintiff's case.



Plaintiff's due process claims against the remaining Defendant, David W. Plowden, are also subject to dismissal. Plaintiff's statements against Defendant Plowden, who represented Plaintiff in the criminal case, are as follows: (1)"the deprivation of this hearing reflects a misrepresentation

4

of defense counsel", and (2) "I called the assigned public defender concerning this issue on several occassions [sic]." In order to state a cause of action under 42 U.S.C. § 1983 or, by analogy, the *Bivens* doctrine, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law or federal law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also Bivens*, 430 U.S. at 392; *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d. at 1310. However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983/ *Bivens*. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980),(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Thus, as a federal public defender, Defendant Plowden is not amenable to suit under § 1983, or the *Bivens* doctrine, and is entitled to summary dismissal from this case.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

January 23, 2008
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>P. O. Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).